**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4538**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THURMAN MOBLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:99-cr-00165-8)

Submitted: April 8, 2008          Decided: April 22, 2008

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mekka Jeffers-Nelson, LAW OFFICE OF MEKKA JEFFERS-NELSON, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Thurman Mobley was convicted of conspiracy to possess with intent to distribute and to distribute cocaine base (crack), and conspiracy to use, carry, and possess firearms during and in relation to a drug trafficking offense. On a special verdict form, the jury found that the drug conspiracy involved "at least 5 grams but less than 50 grams of cocaine base." The district court found that Mobley was responsible for between 35 and 50 grams of cocaine base and originally sentenced him to 170 months in prison. This court affirmed Mobley's conviction, but vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).

On remand, the district court conducted a resentencing hearing and again determined that Mobley was responsible for 35 to 50 grams of cocaine base. After considering the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), the district court sentenced Mobley to 160 months, noting that the lesser sentence imposed on remand was due to Mobley's successful record in prison and the evidence presented concerning his ability to be a productive citizen upon his release from prison.

Mobley again appeals, claiming that the district court violated his Fifth and Sixth Amendment rights by enhancing his sentence based on findings made by the court, rather than a jury. Mobley's claim is foreclosed by Booker and its progeny. After

- 2 -

Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). Gall v. United States, 128 S. Ct. 586, 597-98 (2007). We will review the sentence under an abuse of discretion standard regardless of whether the sentence imposed is inside or outside of the guideline range. Id.

Under an advisory guidelines scheme, a district court does not violate the Fifth or Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion"), cert. denied, 127 S. Ct. 121 (2006). Thus, we find no error by the district court in determining the amount of drugs for which Mobley was responsible within the broad quantity range specified by the jury. Additionally, we find no error by the district court in adopting the presentence report's findings as to drug quantity where Mobley failed to make an affirmative showing that the quantity determination in the presentence report was wrong. See United

States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (holding that, where defendant failed to present evidence to contradict findings in presentence report, the district court could adopt such findings without further inquiry or explanation) (citations omitted).

In conclusion, Mobley's claims are without merit. Moreover, we find that the sentence imposed was reasonable. The district court correctly calculated the applicable guideline range, treated the guidelines as advisory, and considered the § 3553(a) factors. Although the district court did not explicitly cite to § 3553(a), it was not required to do so. See United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (holding that district court "need not robotically tick through § 3553(a)'s every subsection"). The 160-month sentence imposed was in the middle of the applicable advisory guideline range and well below the statutory maximum sentence of life imprisonment. See 21 U.S.C.A. § 841(b)(1)(B). We find that the sentence is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable."); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Accordingly, we affirm Mobley's sentence. We dispense with oral argument because the facts and legal contentions are

adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED